NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos.  07-3857 & 07-4215

_____

UNITED STATES OF AMERICA

v.

MICKEY ALLEN WEICKSEL,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-cr-00495-2)
District Judge: Honorable R. Barclay Surrick

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2010

_____

Before: AMBRO, SMITH and ALDISERT, Circuit Judges

Filed: April 2, 2010

_____

OPINION

_____

AMBRO, Circuit Judge

A jury found Mickey Allen Weicksel guilty of fourteen counts of wire fraud under

18 U.S.C. § 1343, three counts of bank fraud under 18 U.S.C. § 1344, and one count of

conspiracy to launder money under 18 U.S.C. § 1956(h).  The District Court sentenced

Weicksel to 168 months' imprisonment, five years of supervised release, a special assessment of $1,800 and restitution of $750,324.37.

Weicksel challenges his sentence as unreasonable because it did not take into account his serious mental problems as required under 18 U.S.C. § 3553(a)(1). He also argues that his sentence contravenes § 3553(a)(6) because disparities exist between his sentence and the sentences of his co-conspirators who were found guilty of similar conduct. Weicksel also raises seven other issues (though his lawyer deems them frivolous pursuant to *Anders v. California*, 386 U.S. 736 (1967)). We disagree with Weicksel's claims and therefore affirm.

## I.

Weicksel and Barrylee Paul Beers were partners in a business called Paul-Allen Enterprises ("PAE"). PAE operated by entering into sales agreements to purchase residential properties at prices above their fair market values. After an agreement was reached, Weicksel and Beers would enter into side agreements with the sellers, who at closing would kick back the excess money to PAE disguised as payments for repair bills. This repair money was then sent to Weicksel and Beers' other business, Property Rehabilitation Consultants ("PRC"). PRC existed solely to funnel money.

After making the purchase agreements, Weicksel and Beers would obtain mortgage loans based on the inflated sale prices. To obtain these loans, the two would falsify information and submit forged tax returns. These mortgages were then used to make down payments on the acquisition of additional properties.

2

In 2002, a grand jury issued an eighteen-count indictment against Weicksel and Beers. The latter pled guilty to three counts of the indictment. Weicksel pled not guilty and his case went to trial. In March 2006 a jury found Weicksel guilty on all counts. He later submitted a *pro se* letter to the District Court alleging that his trial counsel was ineffective. The Court permitted Weicksel's attorney to withdraw and appointed new counsel to represent him. At the sentencing hearing, the Court denied Weicksel's motion for a below-Guidelines sentence, considered the relevant sentencing factors under 18 U.S.C. § 3553(a), and sentenced him as noted above. This sentence was within the advisory Sentencing Guidelines range of 168 to 210 months. Thereafter, Weicksel's new court-appointed counsel filed a motion to withdraw as counsel. This motion was denied and Weicksel's counsel filed a timely notice of appeal, arguing that the District Court imposed an unreasonable sentence (as well as bringing up the seven other issues on Weicksel's behalf that counsel believes are frivolous).

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over Weicksel's challenge to his sentence under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

"[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "The party challenging the sentence bears the ultimate burden of proving its unreasonableness, . . . and we accord

3

great deference to a district court's choice of final sentence." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007).

Our Court exercises plenary review in determining whether issues may be raised on appeal, and whether issues are frivolous. *Anders*, 386 U.S. at 744.

III.

A.

As an appellate court, our role in evaluating the District Court's sentence is limited to determining whether the sentence was reasonable. *Gall*, 552 U.S. at 46. "[A] sentence will be upheld as reasonable if 'the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006) (*quoting United States v. Grier*, 449 F.3d 558, 574 (3d Cir. 2006)).

In determining whether a sentence is reasonable, an appellate court must first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." *Gall*, 552 U.S. at 51. "To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)." *Lessner*, 498 F.3d at 203.

If the District Court's sentence is procedurally sound, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. If the sentence falls within the

4

advisory Sentencing Guidelines range, then "the appellate court may, but is not required to, apply a presumption of reasonableness." *Id*.

In the end, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

B.

Weicksel challenges the District Court's sentence on the ground that the District Court unreasonably applied the 18 U.S.C. § 3553(a) sentencing factors. Specifically, Weicksel argues that the District Court failed adequately to consider Weicksel's mental health problems under § 3553(a)(1) and the sentence of Weicksel's partner, Beers, under § 3553(a)(6). We consider each argument in turn.

On the first issue, Weicksel listed his psychological problems (narcissistic personality disorder, delusional disorder, hypomania, and probable psychopathic personality disorder), but failed to explain why they warrant a lighter sentence. Observing that Weicksel had consistently refused mental health treatment, the District Court concluded that Weicksel poses a risk to the public and declined to impose a below-Guidelines sentence. Additionally, the sentencing judge recommended that Weicksel receive mental health treatment during his incarceration, further demonstrating the Court's consideration of Weicksel's psychological problems. In this context, the Court

5

did not commit procedural error and appropriately considered Weicksel's mental health problems under § 3553(a)(1). *Lessner*, 498 F.3d at 203. The sentence was also substantively sound, as it fell "within the broad range of possible sentences that can be considered as reasonable in light of the § 3553(a) factors." *Wise*, 515 F.3d at 218.

The second issue arose because the District Court sentenced Weicksel and Beers differently. Although the charges against both were identical, their circumstances differed. Beers cooperated with the Government and testified in its case against Weicksel. In addition, Beers demonstrated understanding and accepted responsibility for his actions, whereas Weicksel displayed neither acknowledgment nor remorse.

Congress enacted § 3553(a)(6) "to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *see also United States v. Boscarino*, 473 F.3d. 634, 638 (7th Cir. 2006) ("[T]he kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case."). When facts on the record show a difference between similarly situated co-defendants, disparate sentences are reasonable. *Parker*, 462 F.3d at 278. Thus, the different sentences for Weicksel and Beers were reasonable, and the District Court did not abuse its discretion in imposing a harsher sentence on Weicksel.

## IV.

Weicksel's counsel raised seven additional issues on Weicksel's behalf, but quickly dismissed each argument as frivolous, citing *Anders*. These issues are: (1) he was

wrongfully indicted; (2) the Court has no jurisdiction over his prosecution; (3) his right to a speedy trial was violated; (4) his trial attorney should have been dismissed after Weicksel fired him; (5) there was no proof that Weicksel was involved with PRC; (6) a document confiscated from him, in which he purportedly admitted to criminal conduct, should not have been admitted into evidence at trial; and (7) the Government failed to establish that any "proceeds" were generated by PAE for purposes of the money laundering statute. We agree with counsel that these claims are frivolous.

1.     Wrongful indictment

Weicksel argues that a grand jury should not have indicted him, alleging that the information presented to the grand jury was false and that unspecified true information was not presented. Weicksel presented no facts to support these claims. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). Weicksel has not challenged the make-up of the grand jury nor alleged that any of its members were biased. Thus, his claim is without merit.

2.     Jurisdiction

Weicksel asserts that the District Court has no jurisdiction over him because he is a sovereign entity that cannot be prosecuted under the laws of the United States. Of course, he is not his own sovereign entity, and the District Court had personal jurisdiction over him. In addition, the District Court had subject matter jurisdiction over Weicksel under

7

18 U.S.C. § 3231, which gives district courts jurisdiction over all offenses against the laws of the United States.

3.     Speedy Trial

Weicksel argues that his right to a speedy trial was violated. He has waived this argument, as it is raised for the first time on appeal. Additionally, the record shows that only Weicksel sought a continuance of the trial. Thus, even if he hadn't waived this argument, it would fail. *Vermont v. Brillon*, 129 S. Ct. 1283, 1290 (2009) ("[I]f delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine." (*quoting Barker v. Wingo*, 407 U.S. 514, 529 (1972))).

4.     Firing of Trial Counsel

Weicksel contends that, because he fired his trial attorney, the District Court should have held a hearing regarding the dismissal. This argument is not supported by the record and cannot be raised on direct appeal.

5.     Involvement with PRC

Weicksel's claim that evidence failed to show that he was involved with PRC is entirely without merit. The record provides ample evidence of his involvement with PRC.

6.     Admission of Letter

Weicksel's argument that the Court erred by admitting a handwritten letter, in which Weicksel admitted to involvement in the conspiracy, is also without merit. The Government properly authenticated the letter (which, by the way, was found on Weicksel)

as written by him.

7.      *United States v. Santos*

Finally, Weicksel argues that the Supreme Court's decision in *United States v. Santos,* 128 S. Ct. 2020 (2008), changes the outcome of his case and warrants a new trial. In *Santos*, the Court held that, under the money laundering statute, the word "proceeds" refers to profits, not gross receipts. *Id*. at 2031. In Weicksel's case, the evidence clearly established that the laundered money was profits. Therefore, this argument is frivolous.

*    *    *    *    *

We affirm the judgment of the District Court.